UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| EVERETT C. GUILLOT, *et al*, § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> JP MORGAN CHASE BANK, N.A., *et al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:13-CV-84 |

## ORDER

Plaintiff Everett Guillot brings this home foreclosure case against Defendant JPMorgan Chase and two law firm Defendants that Chase retained during the foreclosure process. Guillot originally filed suit in state court, but, because he asserted claims for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), Defendants removed to this Court on the basis of federal question jurisdiction.

After the case was removed, this Court dismissed a number of Guillot's claims against Chase, including his FDCPA claims. Subsequently, on May 22, 2013, Guillot filed an amended complaint that dropped his remaining FDCPA claims against the two law firm Defendants. *See* Docket Entry No. 19. Guillot now moves to remand, arguing that this Court lacks subject matter jurisdiction since his amended complaint does not include a federal cause of action. *See* Docket Entry No. 18.

Guillot's argument that his amended complaint divested this Court of subject matter jurisdiction is wrong; jurisdiction is based on the state court petition at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). However, that does not end the analysis, for this Court must still determine whether it should exercise its discretion to retain supplemental jurisdiction over Guillot's state law claims under 28 U.S.C. § 1367(c). "When all federal claims are dismissed or otherwise eliminated from a case prior to trial," the "general rule" is that district courts should "decline to exercise jurisdiction over the pendent state law claims." *Chavers v. Hall*, 488 F. App'x 874, 878 (5th Cir. 2012) (per curiam) (citation and internal punctuation omitted).

The Court concludes that it should follow the Fifth Circuit's general rule and decline to exercise supplemental jurisdiction over Guillot's state law claims. Because only state law issues remain and the case has been pending in this Court for less than three months, the balance of the statutory and common law *Carnegie–Mellon* factors weighs heavily in favor of remand. *See Enochs v. Lampasas County*, 641 F.3d 155, 159–60 (5th Cir. 2011) (applying the four statutory factors of 28 U.S.C. § 1367(c) and the four common law factors of *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)). Chase's only argument against remand is that Guillot is engaging in forum shopping. But the Fifth Circuit has held that a "motion to amend [a] complaint to delete the federal claims is not a particularly

egregious form of forum manipulation, if it is manipulation at all." *Id.* at 160. Even if Guillot's actions can properly be characterized as forum manipulation, that manipulation is not severe enough to outweigh the balance of factors counseling in favor of remand. Accordingly, the Court declines to exercise supplemental jurisdiction over Guillot's state law claims, and Guillot's motion to remand (Docket Entry No. 18) is **GRANTED**. This case is **REMANDED** to the 23rd District Court of Brazoria County, Texas.

    **IT IS SO ORDERED**.

    **SIGNED** this 13th day of June, 2013.

                                                   _____
                                                          Gregg Costa
                                                    United States District Judge